IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID VAUGHN AND STEPHANIE HAWKINS-VAUGHN, §§§ | | |
| Plaintiffs, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 4:15-cv-00874 | |
| § | | |
| GEOVERA SPECIALTY INSURANCE SERVICES, §§ | | |
| Defendant. § | JURY DEMANDED | |

**PLAINTIFFS DAVID VAUGHN AND STEPHANIE HAWKINS-VAUGHN'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** David Vaughn and Stephanie Hawkins-Vaughn (hereinafter "Plaintiffs"), and complains of GeoVera Specialty Insurance Company, erroneously named as GeoVera Specialty Insurance Services in Plaintiffs' Original Petition. Plaintiffs hereby substitute GeoVera Specialty Insurance Services for the correct party in interest, GeoVera Specialty Insurance Company (hereinafter "GeoVera"). In support of their claims and causes of action, Plaintiffs would respectfully show the Court as follows:

**PARTIES**

1. Plaintiffs are individuals residing in the State of Texas.

2. Defendant GeoVera Specialty Insurance Company is a foreign corporation engaged in the business of adjusting insurance claims in the State of Texas. This includes Plaintiffs' residential policy, which applies to the subject property, and is at issue in the present case. Defendant has formally answered herein and entered an appearance for all purposes.

## JURISDICTION AND VENUE

3. Plaintiffs do not contest Defendant's contention of Federal jurisdiction nor removal to this Court pursuant to 28 U.S.C. §1332. Venue is proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Katy, in Harris County, Texas.

## BACKGROUND

4. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiffs' Property, which is located at 4902 Barstow Bend Lane, Katy, Texas 77449, (the "Property"). In addition to seeking economic and penalty based damages from GeoVera, Plaintiffs also seek compensation from GeoVera for damages caused by improperly investigating the extensive losses associated with this case.

5. Plaintiffs own the Property.

6. Prior to the occurrence in question, Plaintiffs purchased a residential insurance policy from GeoVera to cover the Property at issue in this case for a loss due to storm-related events. Plaintiffs' Property suffered storm-related damage. Through their residential policy, HL13011343, Plaintiffs were objectively insured for the subject loss by Defendant.

7. On or around June 6, 2014, the Property suffered incredible damage due to storm related conditions.

8. In the aftermath, Plaintiffs relied on GeoVera to help begin the rebuilding process. By and through their residential policy, Plaintiffs were objectively insured for the subject losses in this matter.

9. Pursuant to their obligation as policyholders, Plaintiffs made complete payment of all residential insurance premiums in a timely fashion. Moreover, their residential policy covered Plaintiffs during the time period in question.

10. Despite Plaintiffs' efforts, GeoVera continually failed and refused to pay Plaintiffs in accordance with its promises under the Policy.

11. Moreover, GeoVera has failed to make any reasonable attempt to settle Plaintiffs' claims in a fair manner, although its liability to the Plaintiffs under the policy is without dispute.

12. In the months following, Plaintiffs provided information to GeoVera, as well as provided opportunities for GeoVera to inspect the Property. However, GeoVera failed to conduct a fair investigation into the damage to the Property. Moreover, GeoVera failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiffs' claims.

13. Despite GeoVera's improprieties, Plaintiffs continued to provide information regarding the losses and the related claim to GeoVera. Further, Plaintiffs made inquiries regarding the status of the losses, and payments. Regardless, GeoVera failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiffs have not received proper payment for their claim, even though notification was provided.

14. GeoVera has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. GeoVera has furthermore failed to offer Plaintiffs adequate compensation without any explanation why full payment was not being made. GeoVera did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

15. GeoVera has further failed to affirm or deny coverage within a reasonable time. Plaintiffs also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from GeoVera in a timely manner.

16. GeoVera has, to date, refused to fully compensate Plaintiffs under the terms of the policy for which Plaintiffs paid, even though it was GeoVera that failed to conduct a reasonable investigation. Ultimately, GeoVera performed a result-oriented investigation of Plaintiffs' claim that resulted in an unfair, biased and inequitable evaluation of Plaintiffs' losses.

17. GeoVera has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the time period mandated by statute.

18. As a result of the above issues, Plaintiffs did not receive the coverage for which she had originally contracted with GeoVera. Unfortunately, Plaintiffs have, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

19. In addition, GeoVera has failed to place adequate and proper coverage for Plaintiffs causing Plaintiffs to suffer further damages. As indicated below, Plaintiffs seek relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

20. All conditions precedent to recovery by Plaintiffs have been met or have occurred.

**AGENCY**

21. All acts by GeoVera were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of GeoVera and/or were completed in its normal and routine course and scope of employment with GeoVera.

**CLAIMS AGAINST DEFENDANT**

22. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

**A.**
**BREACH OF CONTRACT**

23. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

24. According to the policy that Plaintiffs purchased, GeoVera had the absolute duty to investigate Plaintiffs' damages, and to pay Plaintiffs' policy benefits for the claims made due to the extensive storm-related damages.

25. As a result of the storm-related event, Plaintiffs suffered extreme external and internal damages.

26. Despite objective evidence of such damages, GeoVera has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiffs benefits relating to the cost to properly repair Plaintiffs' Property, as well as for related losses. As a result of this breach, Plaintiffs have suffered actual and consequential damages.

**B.**

## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

27. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

28. GeoVera's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code. GeoVera collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

   a. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   b. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

   c. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

   d. Using or employing an act or practice in violation of the Texas Insurance Code;

   e. Unreasonably delaying the investigation, adjustment and resolution of Plaintiffs' claim;

   f. Failure to properly investigate Plaintiffs' claim; and/or

   g. Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist GeoVera in low-balling and/or denying Plaintiffs' damage claim.

29. As described in this First Amended Complaint, GeoVera represented to Plaintiffs that their insurance policy and GeoVera's adjusting and investigative services had characteristics

or benefits that it actually did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA.

30. As described in this First Amended Complaint, GeoVera represented to Plaintiffs that its insurance policy and GeoVera's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

31. By representing that GeoVera would pay the entire amount needed by Plaintiffs to repair the damages caused by the storm-related event and then not doing so, GeoVera has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

32. GeoVera has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.  This breach entitles Plaintiffs to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

33. GeoVera's actions, as described herein, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. GeoVera's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA.

34. GeoVera's conduct, acts, omissions, and failures, as described in this First Amended Complaint, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

35. Plaintiffs are consumers, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by GeoVera to their detriment.  As a direct and proximate result of GeoVera's collective acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs now

sue.  All of the above-described acts, omissions, and failures of GeoVera are a producing cause of Plaintiffs' damages that are described in this First Amended Complaint.

36. Because GeoVera's collective actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for GeoVera having knowingly committed its conduct. Additionally, Plaintiffs are ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to GeoVera having intentionally committed such conduct.

37. As a result of GeoVera's unconscionable, misleading, and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf.  Accordingly, Plaintiffs also seek to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiffs may show themselves to be justly entitled at law and in equity.

## C.
## VIOLATIONS OF TEXAS INSURANCE CODE

38. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

39. GeoVera's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f)

(codified as Section 542.058). Specifically, GeoVera engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

  a. Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

  b. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

  c. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

  d. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due;

  e. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

  f. Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

40. Plaintiffs are the insureds or beneficiaries of a claim which was apparently valid as a result of the unauthorized acts of GeoVera, and Plaintiffs relied upon these unfair or deceptive acts or practices by GeoVera to their detriment. Accordingly, GeoVera became the insurer of Plaintiffs.

41. As a direct and proximate result of GeoVera's acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which they now sue.

42. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because GeoVera's actions and conduct were committed knowingly and intentionally,

Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for GeoVera having knowingly committed such conduct. Additionally, Plaintiffs are entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for GeoVera having intentionally committed such conduct.

43. As a result of GeoVera's unfair and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seek to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiffs may show themselves justly entitled by law and in equity.

### D. BREACH OF THE COMMON-LAW DUTY OF GOOD FAITH AND FAIR DEALING

44. Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

45. By its acts, omissions, failures and conduct, GeoVera has breached its common law duty of good faith and fair dealing by denying Plaintiffs' claims or inadequately adjusting and making an offer on Plaintiffs' claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

46. GeoVera has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claims and by failing to settle Plaintiffs' claims, as GeoVera knew or should have known that it was reasonably clear that Plaintiffs' storm-related claims were covered.

These acts, omissions, failures, and conduct by GeoVera is a proximate cause of Plaintiffs' damages.

### E.
### UNFAIR INSURANCE PRACTICES

47. Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

48. Plaintiffs have satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, GeoVera has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

49. Such violations include, without limitation, all the conduct described in this First Amended Complaint, plus GeoVera's failure to properly investigate Plaintiffs' claim. Plaintiffs also include GeoVera's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claims and GeoVera's failure to pay for the proper repair of Plaintiffs' Property, as to which GeoVera's liability had become reasonably clear.

50. Additional violations include GeoVera's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiffs' storm-related damage and related claims. Plaintiffs further include GeoVera's failure to look for coverage and give Plaintiffs the benefit of the doubt, as well as GeoVera's misrepresentations of coverage under the subject insurance policy. Specifically, GeoVera is also guilty of the following unfair insurance practices:

    a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b. Engaging in unfair claims settlement practices;

    c.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

    d.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which GeoVera's liability had become reasonably clear;

    e.    Failing to affirm or deny coverage of Plaintiffs' claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiffs;

    f.    Refusing to pay Plaintiffs' claims without conducting a reasonable investigation with respect to the claims; and/or

    b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

51.    GeoVera has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. GeoVera's conduct as described herein has resulted in Plaintiffs' damages that are described in this First Amended Complaint.

## F.
## MISREPRESENTATION

52.    Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

53.    GeoVera is liable to Plaintiffs under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, GeoVera did not inform Plaintiffs of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiffs who relied on the misrepresentations to their detriment. As a result, Plaintiffs have suffered damages, including but not limited to loss of the

Property, loss of use of the Property, mental anguish and attorney's fees. GeoVera is liable for these actual consequential and penalty-based damages.

## WAIVER AND ESTOPPEL

54. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

55. GeoVera has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiffs.

## DAMAGES

56. GeoVera's acts have been the producing and/or proximate cause of damage to Plaintiffs, and Plaintiffs seek an amount in excess of the minimum jurisdictional limits of this Court.

## ATTORNEY FEES

57. In addition, Plaintiffs are entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

58. Plaintiffs demand a jury trial and tendered the appropriate fee.

## CONCLUSION

38. Plaintiffs pray that judgment be entered against GeoVera Specialty Insurance Company, and that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and

necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this First Amended Complaint.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray they be awarded all such relief to which they are due as a result of the acts of GeoVera Specialty Insurance Company, and for all such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,


Respectfully submitted,

*/s/ Bryan Beverly*
Bryan Beverly
Texas Bar No. 24082688
Federal I.D. No. 2051593
bryan@vosslawfirm.com
Attorney-in-Charge

OF COUNSEL:
Bill L. Voss
Texas Bar No. 24047043
Federal I.D. No. 602663
Scott G. Hunziker
Texas Bar No. 24032446
Federal I.D. No. 38752
The Voss Law Firm, P.C.
The Voss Law Center
26619 Interstate 45
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of May, 2015, a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system or as indicated below, pursuant to Federal Rules of Civil Procedure 5(b), as follows:

Rhonda J. Thompson
Thompson, Coe, Cousins & Irons, LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
***Via Electronic Service***

*Attorneys for Defendant*

                                        */s/ Bryan Beverly*
                                        Bryan Beverly